**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TJ CAIN, a/k/a Thomas J. Cain,

    Defendant - Appellant.

No. 19-7030
(D.C. No. 6:18-CR-00044-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Police received a report that TJ Cain was shooting a gun into the air outside a

friend's house. After finding his truck on the road, officers chased him until he

crashed into a ditch. When he left the truck and ran across a hayfield, an officer shot

him in the leg. Mr. Cain got away and lay gravely wounded in thick brush until

officers found him some twelve hours later. They read him his *Miranda* rights, *see*

*Miranda v. Arizona*, 384 U.S. 436 (1966), and asked him where his gun was located.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

He nodded in the direction of a nearby brush thicket, where officers found a gun. They also later found ammunition in the truck.

Mr. Cain was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), but his trial ended in a hung jury. A superseding indictment then re-charged the firearm possession count and further charged one count of being a felon in possession of ammunition. A second jury found him guilty of both counts. The district court dismissed the ammunition conviction on the government's motion and sentenced Mr. Cain to 120 months in prison on the firearm conviction.

On appeal, Mr. Cain asserts that his confession was involuntary and his waiver of his *Miranda* rights was invalid. Conceding that he never moved to suppress the evidence of the confession and the firearm that resulted from it, *see* Fed. R. Crim. P. 12(b)(3)(C), he argues that the admission of that evidence was plain error. He admits making these arguments for preservation purposes only because this court will not review an untimely argument on matters encompassed by Fed. R. Crim. P. 12(b)(3), absent a showing of good cause. *See United States v. Bowline*, 917 F.3d 1227, 1228, 1237 (10th Cir. 2019), *cert. denied*, __ S. Ct. __, 2020 WL 872247 (U.S. Feb. 24, 2020) (No. 19-5563). And Mr. Cain concedes that no good cause exists. As a result, although Mr. Cain has preserved his plain-error arguments, *Bowline* precludes us from considering them.

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge